Lewis v. Soper.

———————————

RICHARD LEWIS *versus* WILLIAM R. SOPER.

A survey of hoop poles before sale is not required by statute.

The caption of a deposition reciting that "the aforesaid deponent was *first* sworn according to law and *then* gave the foregoing deposition, is in accordance with the statute requirements.

Where the death of either party is suggested after verdict, judgment may be entered as of the term when the verdict was rendered.

EXCEPTIONS to the rulings of APPLETON, J., at *Nisi Prius*.

ASSUMPSIT for hoop poles claimed to have been sold by the plaintiff to the defendant.

The plaintiff put into the case, subject to the defendant's objection, the depositions of Otis W. Lewis, Thomas J. Lewis, Jacob Martin and Charles Rowell. The defendant objected to the caption of each of said depositions, and to the substance of the depositions; but the court overruled the objection, and permitted them to be read to the jury. The

*magistrate* certified in each that the aforesaid deponent was first sworn according to law, and then gave the foregoing deposition.

The defendant requested the judge presiding to instruct the jury that the plaintiff could not recover in this action, unless these hoop poles were surveyed or culled as required by the R. S., ch. 66.

The judge instructed the jury that hoop poles did not come within the provisions of ch. 66 R. S., and that there was no law requiring that they must be surveyed or culled by a sworn surveyor before sale.

That on the sale of personal property, when anything remains to be done before the sale can be considered as complete, whether to be done by the vender or vendee, as between the parties, the title does not pass, although the property is placed in possession of the vendee.

That if the ascertainment of the quantity was to be by the procurement of the plaintiff, he could not maintain an action till that was done; that if by the defendant, and he took possession of the property, and unreasonably neglected and delayed to procure it surveyed and the quantity ascertained, that he could not retain the property in his possession and unreasonably neglect to obtain a survey, and thus prevent the plaintiff's recovery.

That if the defendant took possession and used any portion of the poles, converting them into hoops, he would be liable for the value of those so taken by him.

To which rulings the defendant excepted.

*W. Folsom* argued for the plaintiff.

The ruling of the presiding judge was correct, in admitting the depositions, the captions of which were sufficient. "According to law, and when" is all that is required. R. S., ch. 133, s. 17.

The words "according to law" are sufficient to show that the oath was administered in the terms of the statute, and in a mode which practice had sanctioned. *Atkinson* v. *St.*

*Croix Man'g Co.*, 24 Maine R., 175; *Bachelder* v. *Merriman*, 34 Maine R., 69. It therefore shows that the deponent was not only sworn to testify the truth, the whole truth, and nothing but the truth, but it as clearly shows that it was relating to the cause or matter for which the deposition was to be taken.

The remaining fact to be stated is " when " he was so sworn; and this clearly appears in the captions in this case, to wit: he was *first* sworn and *then* gave the foregoing deposition. The case of *Brighton* v. *Walker*, 35 Maine R., 132, when carefully examined, will be found to be in conformity with these principles. There the language of the captions, says RICE, J., " clearly imports that the deposition was written and subscribed by the deponent *before* the oath was administered," and the deposition was excluded because the oath was administered at an *improper time;* and the reasoning of the court in that case, however often misunderstood or misrepresented, only shows that the words " according to law " could not cure the defect or be sufficient to show *when* the oath was administered.

In relation to the requested instruction, which was refused, it is respectfully contended that the decision of the court thereon was correct, because every provision of ch. 66, of the R. S., that relates to the survey or the culling of hoops, refers only to hogshead hoops exposed for sale or packed for exportation " which shall be of white oak or walnut." The hoop poles in question were of ash, out of which barrel hoops were *to be manufactured.*

Again, the provisions of ch. 66, relate only to hoops when manufactured, and not to the poles out of which they are made; any more than the other provisions of the statute, requiring the survey of boards, clapboards and shingles, embraces, and requires that the round logs out of which they are to be manufactured should be so surveyed, packed and marked, which would be both impossible and absurd.

The 29th section of said chapter, prescribes the mode in which " all mill logs shall be surveyed," but no provision is

Lewis v. Soper.

found directly or indirectly requiring hoop poles to be surveyed or culled, and it is not believed that this court has either the power or the disposition to supply or add a new provision to the statute, even though the cooper testifies that it is customary to look over and ascertain the quality and quantity of hoop poles at the time they are purchased.

A new trial will not be granted on account of evidence *even erroneously* admitted, if, under the instructions given to the jury, substantial justice has been done by their verdict. *Kelley* v. *Merrill*, 14 Maine R., 228.

The other ruling of the court, and instruction to the jury, according to the authority of *Wing* v. *Clark*, before cited, was quite too favorable for the defendant, and to him it furnishes no cause for complaint.

*C. P. Brown* and *L. Barker*, counsel for the defendant.

APPLETON, J. By R. S., ch. 66, s. 5, " surveyors of shingles, clapboards, staves and hoops," are to be appointed, and by other sections of the same statute hoops are to be surveyed in certain cases. But hoop poles are the materials out of which hoops are to be manufactured, and are not required to be surveyed.

The depositions of Rowell and Martin were properly admitted. The certificate of the magistrate in each case was that " the aforesaid deponent was *first* sworn according to law, and *then* gave the foregoing deposition." This is in accordance with the form of caption prescribed by R. S., ch. 133, s. 17, in which it is required that it should be stated, " that the deponent was sworn according to law, and when." In *Atkinson* v. *St. Croix Manufacturing Company*, 24 Maine R., 174, the depositions were held to be inadmissible, because it nowhere appeared from the certificate of the magistrate, before whom they were taken, that the deponent had been " first sworn," as is required by s. 15. In *Parsons* v. *Huff*, 38 Maine R., 137, the magistrate undertook unnecessarily to set forth in the caption the oath by him administered to the deponent. This was found to be defective, because the mag-

istrate, by his own showing, omitted the words "relating to the cause or matter for which the deposition is to be taken," which by s. 15 are part of the oath to be taken by the deponent. In the case of *Atkinson* v. *St. Croix Manufacturing Company*, the oath did not appear to have been taken at the right time. In *Parsons* v. *Huff* the oath administered by the magistrate was specially set forth in the caption, and was seen to be variant from that which the statute requires to be administered. In the depositions now under consideration, the oath was rightly administered as to time, being before the deposition was given, and correct as to form, being certified to be "according to law," and nothing appearing, as in *Parsons* v. *Huff*, to show it variant from the statute.

The instructions to the jury are not perceived to be adverse to the defendant. If in any respect erroneous, it is that they are too favorable to him, and to this he certainly cannot except.

When this case came on for argument in the order of the docket, the counsel for the defendant being absent, it was submitted by the counsel for the plaintiff on his brief—he insisting on his legal right to have the case then argued, and that his client should not suffer for the neglect of the defendant's counsel. The counsel for the defendant was advised of this, but he neglected to submit any argument, and near the close of the term suggested the death of the defendant. Under the circumstances, we perceive no ground for delay in the final disposition of the cause.

The death of the defendant has been suggested during the present law term. It seems well settled, that in such case judgment may be entered up as of a preceding term. In *Goddard* v. *Bolster*, 6 Greenl. R., 427, the plaintiff in trespass *quare clausum fregit* died after verdict in his favor, and before judgment, and the court ordered judgment to be entered as of the term in which the verdict was retuned. In *Corwin* v. *Lowell*, 16 Pick. R., 170, the plaintiff deceased after a verdict had been rendered in his favor, and the court, at a subsequent term, advised judgment to be entered up as

of a day when he was in full life. PUTNAM, J., in delivering the opinion of the court, fully affirmed the law as stated in Tidd's Practice, (1 Am. ed.,) 846, that, "if either party after *verdict* had died in vacation, judgment might have been entered that vacation as of the preceding term, and it would have been a good judgment at *common law* as of the preceding term."

This action was tried April term. Judgment must be entered up as of that term.

*Exceptions overruled,*
*and judgment as of the April term*, 1857.